By the Court.
Freedman, J.
The action is brought to recover the price of goods alleged to have been shipped by the plaintiffs pursuant to defendant’s order. The plaintiffs are copartners engaged in the manufacture and sale of cloths in England. The defendant is a dealer in carnage cloths in New York. The plaintiffs shipped the gc ds by steamship from Liverpool and by the bill of lac. ng consigned the goods to the defendant at New York. But instead of sending the bill of lading to the defendant with the invoice, they sent both the bill of lading and the invoice to their agent in New York with instructions to present the same to the defendant and to insure the performance by the defendant of his agreement to pay cash on receipt of the invoice. After the arrival of the goods at the port of New York, they were taken from the hold of the vessel and placed upon the dock. While there, they were destroyed by fire before the bill of lading and the invoice were presented to the defendant, and consequently before the defendant could get possession of them.
At the trial, the compiamt o^ une plaintiffs was dismissed, and their exceptions were ordered to be heard at general term in the first instance.
Upon this disposition of the case the first and funda *189 mental question which presents itself, is whether the plaintiffs complied with the order of the defendant as given.
It clearly appears that in the course of a lengthy correspondence the defendant ordered the plaintiffs to send fourteen pieces of goods of thirty to forty yards to a piece. The plaintiffs sent thirteen pieces, of which twelve contained over fifty yards each, and the thirteenth of which contained thirty-nine and one-half yards. The total number of yards amounted to six hundred and seventy-eight and three-quarters, or one hundred and eighteen and three-quarter yards more than the greatest number of yards which the defendant had ordered in fourteen pieces. For this deviation from the order the plaintiffs present reasons which would be quite satisfactory if the defendant had in some way assented. But they must be disregarded because they were never made known to the defendant in any way, and he in no wise sanctioned the deviation. His order was in writing, it was clear and explicit, it spoke for itself, and he had a right to stand upon it, whether the goods were or were not ordered as samples. In sending pieces which did not comply with the order, without having procured defendant’s assent to the change, the plaintiffs sent them at their own risk. This is fatal to plaintiffs’ action in every aspect of the case, and renders a consideration of the other questions unnecessary.
The exceptions taken by the plaintiffs should be overruled, and judgment should be ordered for the defendant, with costs.
Sedgwick, Oh. J., and Ingraham, J., concurred.